NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016[*]
Decided November 1, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1813

| | |
|---|---|
| LARRY PAUL MOORE, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 15-4177 |
| ST. JOHN'S HOSPITAL and WEXFORD HEALTH SOURCES, INC., <br>     *Defendants-Appellees*. | Sue E. Myerscough, <br> *Judge*. |

## O R D E R

Larry Moore, a civil detainee at Rushville Treatment and Detention Center, claims in this suit under 42 U.S.C. § 1983 that St. John's Hospital, a private medical center, and Wexford Health Sources, the contract healthcare provider at Rushville, denied him due process by deliberately ignoring his medical needs. Moore asserts that a nurse at St. John's Hospital, where he was to undergo surgery to remove hemorrhoids and repair a suspected torn colon, was rude and made disparaging remarks about his status as a sex

---

[*] We have agreed unanimously to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

offender. Moore also asserts that the operating room was so unsanitary that he decided to refuse the surgery (which, other physicians later decided, would have been unnecessary). The district court screened Moore's complaint, *see* 28 U.S.C. § 1915A(b)(1), and concluded that it does not state a claim because neither the hospital nor Wexford is accused of maintaining an unconstitutional custom, policy, or practice that caused the alleged denial of medical care. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978) (concluding that § 1983 imposes liability on a municipal defendant "that, under color of some official policy, 'causes' an employee to violate another's constitutional rights"); *Daniel v. Cook Cty.*, No. 15-2832, 2016 WL 4254934, at *3–6 (7th Cir. Aug. 12, 2016) (discussing *Monell* as applied to county jail). The district court also noted that Moore did not suffer any injury as a result of being sent to the unsanitary operating room because he refused treatment after seeing the room. Moreover, the court reasoned, the nurse's rude comments, although inappropriate and unprofessional, did not amount to a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (concluding that prisoner administrator's racially disparaging remarks did not violate Constitution). The court dismissed the suit with prejudice.

On appeal Moore does not identify any disagreement with the district court's reasons for dismissing his lawsuit or cite any applicable legal authority. Indeed, Moore has not submitted an appellate brief but rather a document that appears to be a formal complaint to the Illinois Department of Human Services raising new accusations that Wexford has engaged in criminal abuse or neglect of an elderly or disabled person in violation of former 720 ILCS 5/12-21(a), which was replaced in 2011 by 720 ILCS 5/12-4.4a. These new accusations have nothing to do with the lawsuit or decision under review, and this appeal is not an opportunity for Moore to amend his complaint to add additional claims. Although we construe the briefs of pro se appellants liberally, arguments must be developed and supported to be preserved. *See* FED. R. APP. P. 28(a)(8)(A); *Rahn v. Bd. of Trustees of N. Ill. Univ.*, 803 F.3d 285, 295 (7th Cir. 2015); *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013). Moore thus has waived any argument that the district court erred.

DISMISSED.